IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EVAN NORMAN, | )( Civil Action No. 4:23cv1042 |
| | )( (Jury Trial) |
| *Plaintiff*, | )( |
| | )( |
| V. | )( |
| | )( |
| HARRIS COUNTY, TEXAS, | )( |
| SHERIFF ED GONZALEZ, *Individually,* | )( |
| DEPUTY LEE INGLE, *Individually,* and | )( |
| DEPUTY CHRISTOPHER J. SUTTON, | )( |
| *Individually,* | )( |
| | )( |
| *Defendants*. | )( |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES EVAN NORMAN complaining of **HARRIS COUNTY, TEXAS, SHERIFF ED GONZALEZ,** *Individually,* **DEPUTY LEE INGLE,** *Individually,* and **DEPUTY CHRISTOPHER J. SUTTON,** and will show the following:

### NUTSHELL

1. Harris County Sheriff's Deputy Lee Ingle was too violent for the Houston Police Department having several excessive force incidents. After being hired by the Harris County Sheriff's Office he violently beat never-in-his-life-arrested Evan Norman in his head and neck causing extensive life altering injuries.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the federal claims of Plaintiff in this action, under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C §§ 1983 and 1988, the 1st, 4th and 14th Amendments to the U.S. Constitution.

3. Venue is proper in this Court pursuant to 28 USC § 1391(b) as all material facts out of which this suit arises occurred within the Southern District of Texas, Houston Division.

## PARTIES

4. Plaintiff EVAN NORMAN (hereinafter sometimes "Evan") is an individual who resides in Harris County, Texas.

5. Defendant HARRIS COUNTY, TEXAS (hereinafter sometimes "The County") is a governmental body existing under the laws of the State of Texas and may be served with process by serving the Harris County Judge Lina Hidalgo at 1001 Preston, Suite 911, Houston, Texas 77002.

6. Defendant DEPUTY LEE INGLE (hereinafter sometimes "Deputy Ingle"), *Individually*, at all times relevant was a Harris County Sheriff's Deputy and can be served with process at 1200 Baker Street, Houston, Texas 77012 or wherever he is found.

7. Defendant DEPUTY CHRISTOPHER J. SUTTON (hereinafter sometimes "Deputy Sutton"), *Individually*, at all times relevant was a Harris County

Sheriff's Deputy and can be served with process at 1200 Baker Street, Houston, Texas 77012 or wherever he is found.

8. Defendant SHERIFF ED GONZALEZ (hereinafter sometimes "Sheriff Gonzalez"), *Individually*, at all times relevant was the Harris County Sheriff and can be served with process at 1200 Baker Street, Houston, Texas 77012 or wherever he is found.

## FACTS

9. March 21, 2021, Evan Norman (sometimes "Evan") was 36 years old and had *never been arrested or convicted of a crime in his life*. He was married with one child. He was purchasing manager at a well-known restaurant. Evan has a degree in biology.

10. Evan entered the premises of Bombshells on I-45 South in Houston, Texas. Evan was depressed that night. Bombshells served Evan at least seven alcoholic beverages within a two-hour time span even though Evan was openly intoxicated. Evan had lost some of his motor and mental skills with Evan's appearance, speech, and loss of awareness-he had passed out at one point-were all obvious clues.

11. Harris County Sheriff's deputies Sutton and Ingle were working off-duty at Bombshells. The job is approved by the Harris County Sheriff's Office.

Deputy Sutton and Deputy Ingle were fully aware that their employer Bombshells would overserve customers and the customers would become intoxicated.

12. Deputy Ingle grabbed Evan and escorted him towards the front door which included pulling on his shirt, pushing, and swear words by Ingle.

13. Sutton was just outside the front door when Evans and Ingles came out. Near this time Evans was asking for the names and badge numbers of Ingles and Sutton in order to later lodge a complaint.

14. Both Sutton and Ingle were irritated by Evan's requests for badge numbers.

15. Ingle then rushed at Evan and took him to the ground and began punching him on the head and face. As he was beating Evan Sutton was holding Evan down and Sutton was encouraging Ingle to strike Evan. At the time of beating Evan was secure and Evan did not attempt to kick, strike, punch, or otherwise assault any person. After the severe beating Evan was handcuffed.

16. Sutton and Ingle were not injured.

17. There was a pool of blood from Evan's head.

18. A short time after the severe beating Ingle stated, *"is my hair, okay,"* *"is my hair is out of place?"*

19. Ben Taub Hospital diagnosed verified the following injuries to Evan:

1. Mildly comminuted and depressed anterior table left frontal sinus fracture involves the adjacent left superior orbital rim and orbital roof as there is mild widening of the left infraorbital canal which may represent **non-displaced orbital floor fracture**

**2.** Moderately comminuted and mildly displaced **nasal bone fractures**

3. Mildly comminuted and displaced **fractures of the nasal septum**

**4.** Mildly comminuted and displaced **fractures frontal processes of the maxilla**

5. Right posterior ear red and purple bruising and blood pooling

6. Right inner ear blue, red and purple bruising.

7. Petechial hemorrhages to the face (forehead cheek ears

8. Bruising to the right lateral aspect if the neck below the right ear

9. Left cheek multiple abrasions

10. Periorbital edema (swelling around the eyes)

11. Abrasions to the external nose

12. Abrasions to the lip

13. Abrasions to the forehead and skin surface of the eyebrow

14. Blood pooling, ecchymosis and swelling to the left lower eye and upper eyelid area circumferentially

15. Laceration to the skin on the bridge of the nose

16. Conjunctival hemorrhage to the left eye in the sclera

17. Bruises to the left elbow

18. Multiple abrasions to the left elbow

19. Abrasions to the lateral aspect of the left forearm

20. Contusions and swelling to the right lower eye

21. Acute mildly comminuted and depressed fractures of the anterior table

22. left frontal sinus involving the adjacent left superior rim and orbital roof area with overlying soft tissue hematoma

23. Subcutaneous emphysema -This means there was a rupture and leak of the airway into the soft tissues causing air under the skin.

24. Acute paranasal soft tissue hematomas with subcutaneous emphysema (this is an air leak into the underlying tissues)

25. Non-displaced fracture of the anterior nasal maxillary spine

26. Hemorrhage present within the left frontal sinus

27. Hemorrhage present within the anterior ethnoids

28. Tinnitus (Ringing of the ears)

29. Vision Changes

30. Numbness and loss of sensation to the face and head

20. Ingle then represented on his police report and to the Harris County Criminal Court system that Evan assaulted him which was false which caused Evan's arrest and prosecution. This caused a felony to filed against Evan which persisted for 21 months until the case was dismissed in Evans favor with no obligations, fines, or requirements of any kind. Evans had to pay thousands of dollars for his defense.

21. Evan lost his job and had serious family troubles due the injuries, arrest, and prosecution.

22. Medical problems persist to this day.

23. The Harris County Sheriff's Office has a policy of not doing IAD investigations if a criminal case is pending against the complainant. Sheriff Ed Gonzalez is in charge of the Harris County Sheriff's Office including policies, training, and discipline.

24. Ingle had a history of excessive force of which Sheriff Gonzalez was aware prior to being hired.

**42 U.S.C. SECTION 1983 AGAINST HARRIS COUNTY AND DEPUTIES**

25. The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows:

*Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of*

*Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges, immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.*

26. The 4th Amendment to the United States Constitution provides:

*The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

27. The 14th Amendment to the United States Constitution provides:

*No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.*

28. The 1st Amendment to the United States Constitution provides:

*Congress shall make no law [] or abridging the freedom of speech.*

## CIVIL RIGHTS VIOLATION
### [42 U.S.C. § 1983 and Constitutional Violations Against Hines]

30. The deputies referenced engaged in deliberate and outrageous invasion of Plaintiff's rights that shocks the conscious in violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution

8

and 42 U.S.C. § 1983. Plaintiff re-alleges and incorporate all allegations of this Complaint as if fully set forth herein.

31. The deputies referenced misused and abused the official power granted to him by Harris County, Texas in the performance of his official duties thereby causing harm to Plaintiff by assault, excessive force, false arrest, failure to give medical attention, malicious prosecution, wrongful prosecution, and failure to intervene in excessive force and false arrest.

32. The deputies referenced by their acts and omissions alleged above, under color of law and acting pursuant to the customs, practices and policies of Harris County, Texas, deprived Plaintiff of his rights thereby violating the Fourth Amendment to be secure in their persons, the Fourteenth Amendment right not to be deprived of life and liberty without due process and equal protection under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, by failing to provide all for which the deputies are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

33. The deputies acted against Plaintiff through official policies, practices, and customs with malice, deliberate, callous, and conscious indifference to the constitutional rights of Plaintiff. Furthermore, the incidents complained of were not reasonably related to any legitimate governmental objective, as there is no

legitimate governmental to use excessive force, falsely arrest, and maliciously prosecute a person.

34. As a direct and proximate result of Defendants' acts, which were so outrageous in character and extreme in degree to be utterly intolerable in a civilized community, Plaintiff suffered severe emotional distress and was injured and damaged thereby.

35. As shown below, the Deputies actions were part of a policy and practice condoned by Harris County, Texas.

## CIVIL RIGHTS VIOLATION
## [42 U.S.C. § 1983 and Constitutional Violations Against the County]

36. In addition, and in the alternative Harris County (and its governmental branch, Harris County Sheriff's Office), including but not limited to Sheriff Gonzalez and the deputies (alone and in concert and/or individually) engaged in a policy and practice of deliberate indifference to the care and custody of citizens and detainees that resulted in the unlawful detention, false arrest, and malicious prosecution of Plaintiffs and others.

37. In addition, and in the alternative, Harris County gave inadequate training to civilian and officer personnel, including but not limited to the deputies referenced herein and failed to supervise when detentions occurred.

38. Furthermore, there is a pattern and practice of excessive force at Harris County and a failure to discipline and well as the hiring of violent deputies.

39. Plaintiff contends that policies, procedures, practices and customs of Harris County and the HCSO including but not limited to the deputies referenced herein (alone and in concert and/or individually) put Plaintiff in an inherently dangerous situation and violated his rights under the First, Fourth and Fourteenth Amendments to the Constitution of the United States for which Plaintiff seeks recovery.

40. Plaintiff contends that the failures to train and supervise staff regarding the policies, procedures, practices and customs of Harris County and the deputies put Plaintiff and potentially others in a dangerous situation and violated their rights under the First, Fourth and Fourteenth Amendments to the Constitution of the United States for which Plaintiff seeks recovery.

41. During the relevant time period contemplated by this cause of action, Harris County and the HCSO, including but not limited to the deputies (alone and in concert and/or individually) failed to follow state and federal laws, federal and state regulations with regard to female citizens and female detainees generally and specifically Plaintiff.

42. During the relevant time contemplated by this cause of action, Harris County and the HCSO, including but not limited to the deputies (alone and in concert and/or individually) failed to follow their own written policies and procedures and those of the State of Texas and other authorities on standards of

care, use of force, freedom of speech, and probable cause for arrest and prosecution.

43. Facts at the time of filing this Complaint supporting each of the elements of a § 1983 claim against Harris County and the HCSO and its employees, listed above are found above and applicable to all claims, but may be summarized as follows:

> Failed to properly train, hire, control, discipline, including firing, and supervise employees;
>
> Promulgated, condoned, or showed indifference to improper policies or customs;
>
> Continued such practices of improper policies or customs as to constitute custom representing policy;
>
> Failing to investigate claims of assault, excessive force and other violations;
>
> Failure to investigate citizen complaints if a charge is pending;

44. These actions by Harris County and the HCSO subjected Plaintiff to confinement with constitutionally inadequate safety protections such as:

> Staffing the police force with officers with no (or insufficient) training, oversight, supervision, or discipline; and,

45. Harris County and the HCSO intentionally, and with deliberate indifference, deprived Plaintiff of his clearly established federal constitutional rights, including, but not limited to:

His right to reasonably safe conditions of detention, assuming only for purposes here that such detention was justified;

His right to be free from assault and excessive force;

His right to be free from Unreasonable Searches and Seizures;

His right to Due Process and to be free from malicious prosecution;

His right to Freedom of Speech;

## PEACE OFFICER LIABILITY - 42 U.S.C. § 1983

46. Plaintiff brings a claim against Harris County and the individually named deputies and Sheriff (alone and in concert and/or individually), pursuant to 42 U.S.C. § 1983 and for punitive damages (individuals only).

47. A municipality may be held liable for its failure to train a single police officer when the officer's acts were so egregious that the city should have had a clear warning that the particular officer posed a danger to citizens. *See Pineda v. City of Houston*, 124 F.Supp. 2d 1057, 1068 (S.D. Tex. 2000).

## ASSAULT

48. Plaintiff brings a claim for Texas state law assault against Deputy Ingle and Deputy Sutton in individual capacities only. Plaintiff does not bring an assault claim against Harris County.

## DAMAGES

49. Based upon the operative facts plead above, such acts and omissions rise to the level of deliberate indifference and conscious indifference

constituting a violation of the First, Fifth, Fourth and Fourteenth Amendments of the Constitution of the United States for which Plaintiff seeks recovery.

50. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, jointly, and severally, constitute a direct and proximate cause of the injuries and damages set forth herein. As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer damages in an amount to be proved at trial.

51. As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damages in the form of extreme and enduring worry, grief, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress in amounts within the jurisdictional limits of this Court, to be proved at trial.

52. Defendants are vicariously liable for their employees, supervisors, officials, representatives, and all those acting in concert with them.

53. Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided for by 42 U.S.C. § 1988(b). Plaintiff requests that the Court and jury award their attorneys' fees and expenses.

## JURY DEMAND

54. Pursuant to Federal Rule of Civil Procedure 38(b) Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

A. Enter a declaratory judgment that the policies, practices, acts, and omissions complained of herein violated Plaintiff's rights;

B. Award compensatory damages for Plaintiff against Defendants, jointly and severally;

C. Award punitive damages against all individually named Defendants;

D. Award reasonable attorneys' fees and costs and all litigation expenses, pursuant to federal and state law, as noted against Defendants, jointly and severally pursuant to 48 U.S.C. § 1988;

E. Award pre- and post-judgement interest; and

F. Award costs of court;

G. Retain jurisdiction over Defendant Harris County such time that the Court is satisfied that Defendants' unlawful policies, practices, acts, and omissions no longer exist and will not recur; and,

H. Grant such other and further relief as appears reasonable and just, to which, Plaintiff shows himself entitled.

Respectfully Submitted,

/s/ *Randall L. Kallinen*
Randall L. Kallinen
Kallinen Law PLLC
State Bar of Texas No. 00790995
U.S. Southern District of Texas Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone:  713/320-3785
FAX:            713/893-6737
E-mail:        AttorneyKallinen@aol.com

Alexander C. Johnson
KALLINEN LAW PLLC
State Bar of Texas No. 24123583
U.S. So. Dist. of Texas No. 3679181
511 Broadway Street
Houston, Texas 77012
Telephone:  573/340-3316
Fax:            713/893-6737
Email:         alex@acj.legal

**BARTON LAW FIRM**

By:    */s/ Daniel P. Barton*
State Bar No.: 00789774
Federal Bar No. 17748
dbarton@bartonlawgroup.com
Chris Schleiffer
State Bar No. 24088362
Southern Bar No. 2516220
chris@bartonlawgroup.com
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone
(713) 621-5900 – Fax

16

Email for Service: eservice@bartonlawgroup.com

ATTORNEYS FOR PLAINTFF