United States District Court
Southern District of Texas
**ENTERED**
August 10, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EVAN NORMAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-01042 |
| § | |
| HARRIS COUNTY, TEXAS, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Before the Court are the motions to dismiss of the defendants', Harris County Texas [DE 14] and Sheriff, Ed Gonzalez [DE 23]. The plaintiff, Evan Norman, has filed responses to the defendants' motions [DEs 21 and 28] and the matters are fully before the Court. After a review of the pleadings, motions and responses, the Court determines that the motions of Harris County, Texas and Sheriff Ed Gonzales, should be granted.

## II.

The plaintiff brings this suit pursuant to 42 U.S.C. § 1983, asserting claims of constitutional violations arising out of an arrest allegedly made by deputies Lee Ingle and Christopher J. Sutton. The underlying facts that give rise to his lawsuit occurred on or about March 21, 2021. On that occasion the plaintiff, admittedly, became intoxicated at the "Bombshells" Restaurant. After consuming "seven" alcoholic beverages the plaintiff began to lose motor skills and, at some point, appeared to "pass out".

Deputies Ingle and Sutton, off-duty deputies serving as security for the Restaurant, were summoned to remove the plaintiff from the Restaurant. During the attempt to remove the plaintiff,

the plaintiff sought the badge numbers of the officers in order to report their conduct. At some point, the officers allegedly took the plaintiff to the ground and beat him about the head and neck causing injuries that required medical attention. As a result, the plaintiff was taken to the hospital for medical attention. Nevertheless, he was formally charged with "assault on a Peace Officer". Eventually, the charges against him were dismissed and this suit was filed.

### III.

Both Harris County and Sheriff Gonzalez state as the basis for the dismissal of the plaintiff's suit against them that the plaintiff has failed to assert facts that establish a basis for relief against them in the capacities asserted. Sheriff Gonzalez argues that there is no basis in the facts asserted or the law argued by the plaintiff to sustain "individual capacity" liability against him. Harris County, likewise, asserts that the plaintiff has failed to state "any plausible claim upon which relief can be granted against [it] . . ."

It is noted that both defendants assert that qualified immunity shields them from civil liability as a governmental entity and, as the Sheriff of Harris County in his individual capacity. The Court will address the defendants' claim in turn.

### IV.

### - A –

In order for the plaintiff to assert a plausible suit against Sheriff Gonzalez, the plaintiff must assert facts that show that Sheriff Gonzalez participated in the alleged assault or that he implemented a policy that permitted the deputies to engage in unconstitutional conduct or that, after the alleged violations, he ratified the deputies conduct such as to make it his own. *See Romero v. City of Grapevine*, 888 F.3d 170, 176 (5th Cir. 2018). The facts before the Court are undisputed concerning any basis for individual liability. It is undisputed that Sheriff Gonzalez did not

participate in the arrest of the plaintiff. And, because he is not a policymaker, it cannot be said that he implemented a policy that resulted in the alleged assault. *See Gordon v. City of Dallas*, 826 F.3d 280, 285 (5th Cir. 2016).

Finally, there is no evidence that Sheriff Gonzales implemented a policy that was designed to delay the investigation of complaints made to the Harris County Sheriff's Office, Internal Affairs Division. Moreover, an after the fact investigation would not have changed the alleged conduct of the deputies at the scene. *See Shields v. Twiss*, 389 F.3d 142, 150-51. (5th Cir. 2004). Therefore, the plaintiff's suit against Sheriff Gonzalez fails to state a plausible basis upon which discovery and trial are appropriate. *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013); *see also Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). Hence, the plaintiff's suit against Sheriff Ed Gonzalez in his individual capacity, should be dismissed.

- B –

Harris County also asserts that it is entitled to dismissal of the plaintiff's suit against it pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6). Harris County challenges the sufficiency of the plaintiff's claims that a plausible suit exists as a result of any official policy, or as a policymaker, that was the moving force behind the deputies alleged unconstitutional conduct in March 2021.

Harris County cannot be vicariously liable for the officers' conduct based on the facts. *Pitrowiski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Assuming, however, that Harris County has implemented a policy that delays an internal affairs investigation when a complaint is made to the Sheriff' Internal Affairs Department after a criminal case is filed, such a policy fails to establish a constitutional connection between the two events – the plaintiff's claim of assault and a delay investigating the plaintiff's complaint. Absent a casual connection between any delay

in investigation policy and the officer's conduct, claims of deliberate indifference, failure to train, failure to supervise, failure to discipline, failure to investigate and negligent hiring find no basis in a § 1983 case. Because there is no direct attribution of conduct due to any delay, the plaintiff's suit fails. Likewise, there is no evidence of a "purposeful" violation of the plaintiff's Fourteenth Amendment right to Equal Protection of the law. *See Johnson v. Rodriguez,* 110 F.3d 299, 306 (5th Cir. 1997). Finally, there is no evidence that Harris County, after the fact, ratified the conduct of the deputies. In short, there is no evidence that Harris County authorized or knowingly approved the alleged conduct of the deputies.

Therefore, the Court concludes that the plaintiff has failed to state a plausible cause of action against Harris County; hence, his suit should be dismissed.

It is ORDERED that the plaintiff's suit against Sheriff Ed Gonzalez and Harris County, Texas is Dismissed.

It is so ORDERED.

SIGNED on August 10, 2023, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge