United States District Court
Southern District of Texas
**ENTERED**
September 06, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVAN NORMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-01042 |
| | § | |
| LEE INGLE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Pending before the Court are the defendants', Sheriff Ed Gonzalez ("Gonzalez"), individually, deputy Lee Ingle ("Ingle"), individually, and deputy Christopher J. Sutton ("Sutton"), individually, motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 23, 48). The plaintiff, Evan Norman ("Norman"), has filed responses to the defendants' motions (Dkt. No. 28, 54), and the defendants have filed replies (Dkt. No. 29, 55). After reviewing the motion, the pleadings, the relevant exhibits, and the applicable law, the Court determines that the defendants' motions should be **GRANTED IN PART AND DENIED IN PART**.

## II.     FACTUAL BACKGROUND

The facts asserted by the plaintiff and the contentions of the defendants in their motions are essentially the same as those set out in the Harris County Memorandum Opinion and Order. Therefore, they will not be repeated here.

Likewise, the defendants' motion to dismiss relies on the same factual contentions and case law precedent as stated in the court-filed memorandum. Therefore, the standard of review and contentions of the parties will not be repeated here.

## III.    ANALYSIS & DISCUSSION

The Court addressed the issue of Sheriff Gonzalez's individual liability in the same Memorandum that addressed Harris County's motion to dismiss. Because there is no evidence that Sheriff Gonzalez was personally involved in this incident that forms the basis of the plaintiff's lawsuit, there can be no liability. *See Alderson v. Concordia Parish Correctional Facility, 848 F.3d 415, 420-21 (5th Cir. 2017).* Therefore, the Court holds that Sheriff Gonzalez should be dismissed. However, the Court finds otherwise as to deputies Ingle and Sutton.

The Court finds that Ingle and Sutton's motions to dismiss are without merit. This determination is based on the fact that Ingle and Sutton have subsequently filed a motion for summary judgment, Ingle and Sutton implicitly stipulate that Norman has sufficiently asserted a claim for relief. Consequently, Ingle and Sutton can no longer argue that there is no claim; instead, they must contend that there is no genuine dispute over the material

facts, which is the standard for a motion for summary judgment. Therefore, Ingle and Sutton's motion to dismiss is denied.

## IV. CONCLUSION

Based on the foregoing analysis and discussion, the motion to dismiss by Sheriff Gonzales is **GRANTED**; the motion to dismiss by deputies Ingle and Sutton are **DENIED**.

It is so **ORDERED**.

SIGNED on September 5, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge