Case 4:23-cv-01042   Document 68   Filed on 09/05/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
September 06, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EVAN NORMAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-01042 |
| § | |
| LEE INGLE, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Pending before the Court are the defendants', Lee Ingle ("Ingle") and Christopher Sutton ("Sutton"), motions for summary judgment (Dkt. No. 50, 51). The plaintiff, Evan Norman ("Norman"), has filed a response to the defendants' motions (Dkt. No. 58). After reviewing the motions, the pleadings, the record, and the applicable law, the Court determines that the defendants' motions should be **DENIED**.

**II.   FACTUAL BACKGROUND**

On March 21, 2021, Evan Norman, a 36-year-old, entered Bombshells on I-45 South in Houston, Texas. That night, Norman claims he was depressed and within two hours, Bombshell served Evan at least seven alcoholic beverages, despite his visible intoxication. His intoxication resulted in the loss of motor and mental skills and caused slurred speech and eventual loss of consciousness.

Harris County Sheriff's deputies Sutton and Ingle, working off duty at Bombshells, were allegedly aware of the establishment's tendency to overserve customers. On this occasion, deputy

Ingle approached Norman and escorted him out of the establishment. Norman claims he and his partner, deputy Sutton used excessive physical force and verbally abused him. Outside Norman requested the deputies' names and badge numbers to file a complaint, which apparently irritated Sutton and Ingle. Ingle then tackled Norman, punching him repeatedly in the head and face, while Sutton held Norman. Norman claims that he was not resisting the officers at the time nor attempting to assault them. He was handcuffed after being beaten, according to Norman. Neither deputy Sutton nor deputy Ingle sustained injuries; however, Norman's injuries resulted in a substantial loss of blood.

Norman was taken to Ben Taub Hospital, where he was diagnosed with multiple injuries, including fractures to his nasal bones, orbital rim, and maxilla, as well as extensive bruising and abrasions. He also suffered subcutaneous emphysema, hemorrhages, and other severe injuries.

Deputy Ingle claimed that Norman assaulted him, leading to Norman's arrest. Norman was charged with a felony that was not resolved for 21 months. At that time the case was dismissed, but not before he lost his job, expended substantial money for legal fees, and experienced significant family issues. He asserts that he continues to suffer ongoing medical problems.

### III.  PLAINTIFF'S CONTENTIONS

Norman argues that a reasonable jury could find that deputies Ingle and Sutton violated his federal constitutional rights by committing a state law violation of assault. He contends that their actions are not protected by qualified immunity because their conduct was excessively egregious and unlawful. Hence, he maintains that the force used against him was excessive and unnecessary. He argues that he did not pose a threat to the deputies and that the video evidence, when viewed in the light most favorable to him, supports his claim that the officers used excessive force. He

emphasized that during the beating, he was fully pinned to the ground and barely moving as additional and illegal force was applied.

Norman disputes deputies Ingle and Sutton's version of events, particularly their claim that he assaulted deputy Ingle. He argues that the surveillance footage and body camera videos will show that the deputies were the aggressors, especially given that he was intoxicated at the time. Moreover, they failed to provide adequate medical care promptly, exacerbating his injuries.

Finally, Norman argues that the deputies cannot hide behind the grand jury's indictment. An indictment does not absolve the deputies for initiating a wrongful prosecution. Therefore, the testimony of witnesses will be crucial and should be assessed by a jury, not resolved at the summary judgment stage.

## IV. DEFENDANTS' CONTENTIONS

The defendants, deputies Lee Ingle and David Sutton, present several key arguments. They argue that they are protected by qualified immunity. They contend that their actions did not violate Norman's clearly established constitutional rights. Moreover, his state law assault claim should be dismissed under the Texas Torts Claims Act's election of remedies clause, which bars certain torts claims against government employees. They also argue that Norman was not falsely arrested or subjected to malicious prosecution, citing the Harris County Grand Jury's indictment against Norman. Leading up to and concerning the assault, they claim that the force used to arrest Norman was reasonable and necessary under the circumstances. In this regard, they refer the Court to video evidence showing Norman initiated an assault on deputy Ingle. They direct the Court to the bar's surveillance footage and the body camera recordings which they argue substantiate their account. Finally, they assert that Norman received medical treatment, although he initially refused it at the scene.

y

## V.   STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Id.* (internal citations omitted). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003).

## VI.   ANALYSIS & DISCUSSION

There is a genuine factual dispute regarding whether Norman posed an immediate threat to the safety of the officers or others, and whether he resisted an arrest. The video evidence shows deputy Ingle striking Norman even while he was on the ground. A jury could conclude that Norman was not resisting an arrest at the time because he was fully restrained. Moreover, it remains a disputed fact issue as to whether Norman was denied immediate medical attention, despite his alleged refusal. Hence, a factual dispute exists concerning the deputies' duty to ensure Norman's safety and well-being while being taken into custody. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Norman's treating physician's report also presents an account of the incident that contradicts that of the deputies.

The Court agrees that Norman's state law assault claim is barred by the Texas Tort Claims Act's election of remedies clause. However, this determination is not based on the events at the scene but on the basis that Norman asserts that his First and Fifth Amendment rights were violated and specific instances of alleged misconduct that, if proven, establishes a violation of Norman's right to be free from the use of excessive force during the course of an arrest.

Deputies Ingle and Sutton also argue that they are entitled to qualified immunity because their conduct did not violate any clearly established constitutional rights. Qualified immunity protects government officials from liability for civil damages provided that an officer's conduct does not violate clearly established statutory or constitutional rights. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Here, qualified immunity does not aid the deputies. Their conduct if true, was egregious and violated clearly established federal constitutional rights. For an officer to repeatedly strike and choke an arrestee as he is lying on the ground, goes far beyond the reasonable and necessary force needed to effect a simple arrest. Therefore, the Court holds that deputies Ingle

and Sutton are not entitled to qualified immunity. Hence, the Court finds no basis to evaluate the adequacy of the medical care provided, or the cause for delay in responding to Norman's medical needs in light of Norman's physical condition at the scene. Therefore, the motions for summary judgment filed by deputies Ingle and Sutton are **DENIED**.

    It is so **ORDERED**.

    SIGNED on September 5, 2024, at Houston, Texas.

    Kenneth M. Hoyt
    United States District Judge